IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL L. SLAUGHTER, | : Civil No. 1:24-CV-1170 |
| | : |
| Plaintiff, | : |
| | : (Judge Wilson) |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| DAUPHIN COUNTY | : |
| ADULT PROBATION, et al., | : |
| | : |
| Defendants. | : |

MEMORANDUM AND ORDER

I.  Introduction

This is a prisoner civil rights action filed by the *pro se* plaintiff, Daniel Slaughter. Pending before the court are several requests to serve subpoenas submitted by the plaintiff. (Docs. 32-35, 37-38). Several of these proposed subpoenas seek Slaughter's medical records from providers at various centers and hospitals where he was treated for his mental health issues, as well as an insurance company. (*See* Docs. 33, 34-2, 35, 37). Slaughter also proposes to subpoena information from the Social Security Administration, Dauphin County Adult Probation, a Dauphin County Commissioner, and Court of Common Pleas Judge Tully. (*See* Docs. 34-1, 35-1, 37). One of the defendants filed an

objection to these requests, arguing that Slaughter can obtain his own medical records without a subpoena, that any request for a subpoena made to Dauphin County Adult Probation is improper, as this is a party named as a defendant, and that none of the requests or subpoenas have been served on Defendant Banning.

After consideration, and for the following reasons, we will deny the plaintiff's requests for subpoenas at this time.

II.   Discussion

"Under its inherent authority, the court may review subpoena requests by a *pro se* party proceeding *in forma pauperis* before serving the subpoenas." *Brown v. Monsalud*, 2023 WL 8115984, at *1 (M.D. Pa. Jan. 12, 2023) (citation omitted). Here, it appears that several of Slaughter's requests seek to obtain his own medical records from various providers and treatment centers. As this court has noted in the past:

> A patient can request a copy of his medical records by contacting the facility and paying a copying fee. See 48 Pa.B. 7712 (placing a cap on the fees charged by facilities to copy medical records). The court notes that the fee is substantially less for a patient requesting his own personal health record than it is for a facility to respond to a subpoena. See 42 Pa.C.S. §§ 6152, 6152.1, 6155; 48 Pa.B. 7712.

*Brown*, 2023 WL 8115984, at *1. Further, an *in forma pauperis* plaintiff

2

is still "responsible for service of his own discovery subpoena." *Welsh v. Lebanon County Prison*, 2016 WL 7173895, at *3 (M.D. Pa. Oct. 27, 2016). This is so even though the plaintiff is proceeding *in forma pauperis* in this action. *Brown*, 2023 WL 8115984, at *1 (citing *Brooks v. Quinn & Quinn*, 257 F.R.D. 415, 417 (D. Del. 2009) ("Although plaintiff is proceeding in forma pauperis, the court has no authority to finance or pay for a party's discovery expenses ...")).

At this time, Slaughter has not demonstrated that he has unsuccessfully attempted to obtain his medical records directly from his providers, or that he can provide for the costs of serving a subpoena. We reach a similar conclusion with respect to Slaughter's request to serve a subpoena on the Social Security Administration for records concerning his disability award letter. (*See* Doc. 35-1). Accordingly, we will deny Slaughter's request to serve subpoenas on his medical providers and the SSA without prejudice.

Slaughter also requested to serve subpoenas on Dauphin County Adult Probation and a Dauphin County Commissioner for information related to "education, training, policy, procedure regarding Dauphin Co. mental health probation officer/protocol for crisis situations" (Doc. 37 at

3

2-3), as well as reports and documentation from Dauphin County Probation concerning Slaughter. (Doc. 34-1 at 1). In our view, requests for such records would be more appropriately made as a discovery request from Defendant Banning via a request for production of documents under Rules 26 and 34 of the Federal Rules of Civil Procedure. Accordingly, given that there is no indication that Slaughter has made such a request during the discovery period and was unsuccessful at obtaining these documents by the routine discovery process, we will deny his request to serve these subpoenas on Dauphin County Adult Probation and the Dauphin County Commissioner.

Finally, the plaintiff appears to request to serve a subpoena on Judge Tully of the Dauphin County Court of Common Pleas, seeking documents with information regarding Judge Tully's decision to rescind the warrant for Slaughter's arrest and placing him on electronic monitoring. (Doc. 34). However, "the general rule in any case is that litigants may not probe into a judge's mental process." *United States v. Roebuck*, 271 F. Supp. 2d 712, 721 (D.V.I. 2003) (citations omitted). To the extent Slaughter is seeking documentation regarding the alleged probation violations that led to Judge Tully's decision, he can request

4

such documentation from Defendant Banning via the discovery process. Accordingly, we will deny Slaughter's request to serve a subpoena on Judge Tully.

## III. Order

Accordingly, for the foregoing reasons, the plaintiff's requests to serve subpoenas (Docs. 32-35, 37-38) are hereby DENIED without prejudice.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge