UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL L. SLAUGHTER<br>Plaintiff,<br><br>v.<br><br>DAUPHIN COUNTY ADULT<br>PROBATION, et al.,<br><br>Defendants. | CIVIL ACTION NO. 1:24-cv-01170<br><br>(Judge Wilson)<br><br>(Magistrate Judge Latella) |

## MEMORANDUM

*Pro se* Plaintiff Daniel L. Slaughter has filed a request asking the Court for assistance of counsel. (Doc. 57). Because Plaintiff indicates in that request that he is "mentally disabled" due to a traumatic brain injury (TBI), and therefore incompetent to manage this action due to his mental health impairments, we must satisfy our duty of inquiry pursuant to Federal Rule of Civil Procedure 17. Accordingly, as set forth herein, we will direct Plaintiff to submit additional documentation for *in camera* review.

### I.   PROCEDURAL HISTORY

Plaintiff initiated this action by filing a Complaint pursuant to 42 U.S.C. § 1983 on July 16, 2024, naming the Dauphin County Adult Probation Office and Probation Officer Kamala Banning as defendants. (Doc. 1). He also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2). The matter was referred to Chief

1

Magistrate Judge Bloom on October 28, 2024. On October 29, 2024, Judge Bloom issued an Order granting Plaintiff's Motion to Proceed *in forma pauperis*, (Doc. 13), and a Report and Recommendation wherein he recommended dismissal of all claims with the exception of a Fourth Amendment claim against Defendant Banning. (Doc. 14). Additionally, Judge Bloom recommended that Plaintiff's first Motion to Appoint Counsel be denied. The Report and Recommendation was adopted on December 19, 2024, by the Honorable Jennifer P. Wilson and the matter referred was back to Judge Bloom for further pretrial management. (Doc. 21).

Defendant Banning filed an Answer on February 20, 2025, (Doc. 27), and Plaintiff filed a second Motion to Appoint Counsel on March 18, 2025. (Doc. 29). The Motion was denied without prejudice on March 21, 2025. (Doc. 31). Plaintiff filed a request for leave to file an Amended Complaint on May 1, 2025, (Doc. 41), and a third request for counsel on May 5, 2025. (Doc. 43). Plaintiff was granted leave to file an Amended Complaint and his request for counsel was denied without prejudice by Order dated May 16, 2025. (Doc. 47). The Amended Complaint was filed on June 17, 2025. (Doc. 50). A Motion to Dismiss, which is currently ripe and pending, was filed by the Defendant on July 1, 2025.[1] (Doc. 53).

---

[1] Plaintiff has also filed numerous requests for subpoenas, including subpoenas to East End Behavior Center (Doc. 33), Judge William T. Tully (Doc. 34), Perform

2

Plaintiff filed his fourth Motion to Appoint Counsel on August 1, 2025. (Doc. 57). In that Motion and supporting brief, Plaintiff reiterated that he has been deemed mentally disabled after suffering a TBI. (*See* Doc. 58). He asserts that he has numerous cognitive impairments and was hospitalized five times in relation to "psychological disturbance[s]" while he was on probation and under the supervision of Defendant Banning. (*Id.*). On August 1, 2025, Plaintiff filed a Motion for the appointment of a mental health legal advisor. (Doc. 60). A notice of address change filed on October 29, 2025, was sent in an envelope with a return address of a behavioral hospital. This fact, combined with Plaintiff's allegations in his previous filings and his request for a mental health advisor, raises concerns regarding competency.

## II.     LEGAL STANDARD

Rule 17(c)(2) provides that "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). While Rule 17(c)(2) imposes a mandatory obligation upon the courts, there is "no suggestion which factors should trigger the

---

Care Insurance Company (Doc. 35), and Pennsylvania Psychiatric Institution (Doc 42), and a Motion to Compel. (Doc. 74).

court's duty of inquiry as to whether the individual at issue is competent." *Powell v. Symons*, 680 F.3d 301, 303 (3d Cir. 2012). Accordingly, "responsibility for Rule 17 appears generally to be left to the discretion of the district courts." *Id.*

The Third Circuit has provided some guidance, instructing that "a district court need not inquire *sua sponte* into a pro se plaintiff's mental competence based upon a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." *Id.* at 307. Rather, the duty of inquiry involves a determination of whether there is "verifiable evidence of incompetence." *Id.* For instance, the Third Circuit clarified that a district court would abuse its discretion if it failed to consider whether Rule 17(c) applied "[i]f a court were presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Id.* (quoting *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 201 (2d Cir. 2003)). A district court "must satisfy its duty of inquiry before it proceeds to determine if Rule 17 applies." *Id.*

### III. DISCUSSION

Plaintiff has previously alleged that he is "legally, mentally disabled" and "has been diagnosed with PTSD, Schizoaffective Disorder Bipolar Type and Psychosis." (Doc. 43). He states that he has neither "the mental capacity" nor "the ability to effectively present his own case." (*Id.*). Furthermore, he has sent mail to the Court with a return address of a behavioral hospital and has requested the Court to provide him with a mental health advisor. Based upon these claims, our duty of inquiry is triggered. However, neither Plaintiff's "Motion to Request Assistance of Counsel" nor the "Declaration in Support" or his Motion for the appointment of a mental health advisor, provide "verifiable evidence of incompetence." *See Powell*, 680 F.3d at 307.

Accordingly, we will direct Plaintiff to submit to the Court for *in camera* review (1) any documentation from a public agency or court of record that he has been adjudicated incompetent, or (2) documentation from a medical provider that the type of mental illness for which he is being treated renders him legally incompetent. *Id.*

### IV. CONCLUSION

Based upon the above, before proceeding further in this smatter, we must satisfy our duty of inquiry. Accordingly, Plaintiff is directed to submit to the Court

for *in camera* review the specific type of documentation described *supra*. An order will follow which will include instructions for Plaintiff as to the submission of documents for *in camera* review.

Date: November 17, 2025                         /s/ **Leo A. Latella**
                                                Leo A. Latella
                                                United States Magistrate Judge